UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                          No. 06-234

WILLIAM LANG                                               SECTION I

ORDER AND REASONS

Before the Court is a motion[1] for early termination of supervised release filed by defendant William Lang ("defendant"). The government does not oppose the motion.[2] For the reasons set forth below, the Court denies the motion.

On January 11, 2007, defendant pleaded guilty to count 1 of the superseding indictment, which charged defendant with conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base in violation of 21 U.S.C. § 846.[3] On January 31, 2008, defendant was sentenced to 200 months imprisonment to run consecutively to the sentences imposed in state-court criminal actions.[4] Defendant was further ordered to serve a 10 year term of supervised release.[5] On March 31, 2015, defendant's sentence was reduced from 200 months to 174 months of imprisonment pursuant to 18 U.S.C. §3582(c)(2).[6]

---

[1] R. Doc. No. 755.
[2] R. Doc. No. 759.
[3] R. Doc. No. 161.
[4] R. Doc. No. 329, at 2.
[5] *Id.* at 3.
[6] R. Doc. No. 498, at 1.

The Court did not reduce defendant's term of supervised release.[7] Defendant was released from prison and began his term of supervised release on May 11, 2018.[8]

In support of his request for early termination of supervised release, defendant states that he has maintained the same job since he has been on supervised release, that he has completed every program, that he has never been arrested or been in any kind of trouble while on supervised release, and that he has done everything his probation officer has told him to do.[9] Defendant also points out that he has been on supervised release for 7 years.[10] In its response, the government states that it has no objection to early termination of defendant's term of supervised release.[11] The government also states that defendant's probation officer confirmed that defendant is currently employed and is in full compliance with all the terms and conditions of his supervised release.[12]

Pursuant to 18 U.S.C. § 3583(e)(1), a district court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e)(1)

---

[7] *See id.*
[8] R. Doc. No. 759, at 2.
[9] R. Doc. No. 757.
[10] *Id.*
[11] R. Doc. No. 759, at 2.
[12] *Id.*

"confers broad discretion" upon the district court. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

Despite this discretion, "courts have generally held that something more than compliance with the terms of supervised release is required to justify an early termination." *United States v. Seymore*, No. 07-cr-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) (Fallon, J.) (cleaned up). Rather, "[c]ourts have held that early termination is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior." *United States v. Baptiste*, No. 98-cr-207, 2025 WL 871520, at *1 (E.D. La. Mar. 20, 2025) (Milazzo, J.) (internal quotation marks omitted); *see also Seymore*, 2023 WL 3976200, at *1 (explaining that "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior"). For example, early termination of supervised release is warranted where the defendant's "service to the community demonstrates exemplary efforts toward rehabilitation." *See United States v. Williams*, No. 07-cr-35, 2019 WL 3021412, at *2 (E.D. La. June 26, 2019) (Feldman, J.).

Having considered the applicable § 3553(a) factors, the prior reduction in sentence, the motion, the government's response, the record, and defendant's criminal history as outlined in the presentence investigation report, the Court finds that early termination of supervised release is inappropriate at this time. While the Court acknowledges and commends defendant's compliance with the terms and conditions of his supervised release, such compliance alone does not justify early

3

termination because "such conduct is expected and required." *See United States v. Pitman*, No. 18-cr-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022). Accordingly,

**IT IS ORDERED** that defendant's motion for early termination of his supervised release is **DENIED**.

New Orleans, Louisiana, June 9, 2025.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**